# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ELNORA COTTON, on behalf of Tessie Cotton, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case number 4:13cv2412 TCM<br>) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Elnora Cotton brings this action on behalf of her deceased daughter, Tessie Cotton, seeking judicial review of the denial of Tessie Cotton's application for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act), 42 U.S.C. § 401-433. Defendant, Carolyn W. Colvin, the Acting Commissioner of Social Security, moves to dismiss the complaint for failure to exhaust administrative remedies.[1] Her motion is unopposed.

## Background

Tessie Cotton (Plaintiff) applied for Title II benefits in October 2011, alleging a disability onset date in June 2003 caused by hot flashes, black-outs, and extreme difficulty walking. (Nicoll Decl. ¶ 3(a), ECF No. 16-1; Def.'s Ex. 1 at 1, ECF No. 16-2; Def.'s Ex. 3 at 1, ECF No. 16-4.) She was last insured on December 31, 2004. (Def.'s Ex. 1 at 2.) There was no medical evidence submitted in support of her application. (Def.'s Ex 1 at 2; Def.'s Ex. 3 at 1.)

---

[1] The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

Plaintiff died on February 22, 2012. (Def.'s Ex. 2; ECF No. 16-3.) The listed causes of death were septic shock, pneumonia, emphysema, and acute respiratory disease syndrome. (Id.)

On April 25, 2012, Plaintiff's application was denied. (Def.'s Ex. 1 at 1.) A letter confirming the decision was sent the next day to Plaintiff at an address on Newby Street in St. Louis, Missouri. (Def.'s Ex. 3 at 1-3.)

The Newby Street address was listed on a Request for Hearing by Administrative Law Judge (ALJ) dated August 29, 2012. (Id. at 4.) This request is signed by a representative for Plaintiff and enclosed with a letter from the representative, Christopher O'Connor, explaining that Plaintiff's mother wished to proceed to the hearing level and that an appeal had been filed in May 2012 but "[did] not appear to have been processed." (Id.; Def.'s Ex. 3 at 5.) Also enclosed was a copy of a letter dated May 22, 2012, requesting a hearing and stating that an online appeal would "be completed shortly." (Id. at 6.) This letter referred only to Plaintiff and stated that Mr. O'Connor had recently been contacted by her about her DIB claim. (Id.) It also states that it was transmitted by fax. (Id.)

By decision dated October 22, 2012, an ALJ dismissed the request for a hearing. (Def.'s Ex. 4, ECF No. 16-5.) The ALJ noted that a request must be filed within sixty days of the date the claimant received notice of the adverse decision or, if an extension has been granted, within the extended period. (Id. at 4.) The request at issue had been filed more than four months after the decision. (Id.) The ALJ further noted Mr. O'Connor's explanation that a request had been made within one month of the decision, but found this explanation did not establish the necessary good cause for missing the deadline. (Id. at 4-5.) The ALJ found the May 2012 letter could not be accurate because Plaintiff had died three months earlier and,

therefore, could not have contacted Mr. O'Connor as represented. (Id.) And, no May 2012 letter was received by the field office and no online appeal was filed. (Id.) Elnora Cotton did not sign a substitution of party until July 2012, which was after the period for requesting a hearing had passed. (Id.) The ALJ also noted that Mr. O'Connor had "admitted that the May 22, 2012 letter was just a generic statement in his letters and that he would provide a more colorful good cause letter later. However, the letter dated August 29, 2012 did not provide any information explaining how the deceased claimant contacted him in May 2012 to file an appeal." (Id.)

By letter dated December 13, 2012, Mr. O'Connor filed a request for review of the ALJ's decision. (Def.'s Ex. 5 at 1, ECF No. 16-6.) This timely request was accompanied by a letter explaining the delay in requesting a hearing as follows.

> On 6/6/2012 our appeal specialist attempted to contact [Plaintiff] to complete this appeal so that it would be filed within the 65 day appeal window. We were then notified by [Plaintiff's] mother that unfortunately [Plaintiff] passed away on 2/17/2012. Thereafter [Plaintiff's] mother wished to pursue the claim in [Plaintiff's] behalf. Because of [Plaintiff's] passing and the length of time it took for all substitute party paperwork to be signed and returned to our office this appeal was filed beyond the 65 day appeal window.

(Id. at 2.) There is no reference to a May 2012 letter in the explanation. (Id. at 2-3.)

On December 26, 2012, Elnora Cotton's current counsel sent an Appointment of Representative Form, a Request for Hearing by ALJ, and an Attorney's Employment Contract to the Social Security Administration. (Id. at 7-12.) The enclosed completed forms were all dated August 18, 2011.[2] (Id. at 8-12.) The cover letter states they were originally faxed on

---

[2] No explanation has been offered for how a request for a hearing could be made two months before the DIB application was filed.

August 22, 2011. (Id. at 7.) The Request for Hearing form appears to be signed by Plaintiff and states, "I am unable to work due to back pain [and] depression." (Id. at 11.)

The Appeals Council denied Plaintiff's request for review on September 24, 2013. (Id. at 4-6.) Notably, the letter did not include any instructions on how to seek judicial review. (Id.) It was addressed to Ms. Cotton with a copy sent to her current counsel. (Id.)

In her motion, Defendant argues that the case must be dismissed because Ms. Cotton did not exhaust her administrative remedies when she failed to timely request a hearing before the ALJ and has not established any basis for a waiver of the exhaustion requirement.

## Discussion

"Section 405(g) specifies the following requirements for judicial review: (1) a final decision of the [Commissioner] made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the [Commissioner] may allow); and (3) filing of the action in an appropriate district court, in general that of the plaintiff's residence . . . ." **Weinberger v. Salfi**, 422 U.S. 749, 763-64 (1975). "The second and third of these requirements specify, respectively, a statute of limitations and appropriate venue. As such they are waivable by the parties . . . ." Id. at 764. The first requirement is "central to the requisite grant of subject-matter jurisdiction – the statute empowers district courts to review a particular type of decision by the [Commissioner], that type being those which are 'final' and 'made after a hearing.'" Id. at 764. See also **Califano v. Sanders**, 430 U.S. 99, 108, 109 (1977) (absent a constitutional challenge, judicial review is limited "to a particular type of agency action, a 'final decision of the [Commissioner] made after a hearing'") (quoting 42 U.S.C. § 405(g)). The meaning of the term "final

decision" "is left to the [Commissioner] to flesh out by regulation." **Weinberger**, 422 U.S. at 766.

The Commissioner has done so. When explaining in the regulations the administrative review process, the Commissioner added an explanation of a "[claimant's] right to judicial review after [the claimant] ha[s] taken all the necessary administrative steps." 20 C.F.R. § 404.900(a). It is noted that the administrative review process includes several steps, "which usually must be requested within certain time periods" and in a specific order. Id.

The first step is the initial determination. 20 C.F.R. § 404.900(a)(1). A determination whether a claimant is entitled to DIB is an initial determination. 20 C.F.R. § 404.902(a). In Missouri, the next step is to request a hearing before an ALJ. 20 C.F.R. § 404.900(a)(3), 404.906, 404.929. The request must be in writing and must include the name and social security number of the wage earner; the reasons for the disagreement with the adverse decision, a statement of additional evidence to be submitted and the date by which the evidence will be submitted, and the name and address of any designated representative. 20 C.F.R. § 404.933(a). The request must be made within 60 days after the claimant receives notice of the adverse decision[3] or, if a written request for an extension is made and granted, within the extended time allowed 20 C.F.R. § 404.933(b), (c). A request for an extension must explain why the request for a hearing was not made within the stated time period and must show good cause for the extension request. 20 C.F.R. § 404.933(c).

---

[3] It is presumed that the date the claimant received notice of the initial determination is five days after the date of the notice, "unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210.

In the instant case, the initial determination was made on April 25, 2012. A Request for Hearing by Administrative Law Judge (ALJ) was dated August 29, 2012 – 125 days later. It is undisputed that an extension of time was not requested.

Under the Commissioner's regulations, an ALJ may dismiss a request for a hearing if not made within the 60-day time period or within a granted extended period. 20 C.F.R. § 404.957(c)(3). The dismissal of a request for a hearing is binding unless it is vacated by an ALJ or by the Appeals Council. 20 C.F.R. § 404.959. The ALJ dismissed Plaintiff's request as untimely filed, finding Mr. O'Connor's explanation unavailing and the May 2012 letter cited by Mr. O'Connor to be of dubious worth.

The Commissioner's regulations further provide that a claimant may request that the Appeals Council review a decision by an ALJ. 20 C.F.R. §§ 404.900(a)(4), 404.967. If the decision is one to dismiss a request for a hearing, the Appeals Council may vacate the dismissal. 20 C.F.R. § 404.960(a). The request for review must be made within 60 days after the date the claimant receives notice of the ALJ's decision or within an extended period if one has been requested and granted. 20 C.F.R. §§ 404.968(a)(1), 404.960(a). If neither the Appeals Council nor an ALJ vacate the dismissal of a request for review, the dismissal is binding. 20 C.F.R. § 404.959. The Appeals Council denied Ms. Cotton's request for review.

Judicial review may be sought only when all administrative steps have been taken, including a hearing before an ALJ. 20 C.F.R. § 404.960(a). The Appeals Council's denial of a request for review of a decision dismissing a request for a hearing is *not* subject to judicial review. 20 C.F.R. § 422.205(c). See **Haynes v. Apfel**, 2000 WL 84500, *1 (8th Cir. Jan. 18, 2000) (per curiam) (affirming dismissal for lack of jurisdiction action seeking review of denial of supplemental security income benefits after ALJ dismissed request for a hearing;

jurisdiction was lacking because there had been no hearing); **Wild v. Astrue**, 2008 WL 698483, 3 (D. Minn. Mar. 13, 2008) ("The Court does not find the ALJ's dismissal of plaintiff's untimely request for a hearing to be a 'final decision made after a hearing' meriting judicial review under 405(g). Not only was there no hearing, the ALJ's dismissal of plaintiff's untimely request for a hearing does not constitute a final decision. Therefore, plaintiff did not receive a 'final decision' from the Commissioner within the meaning of 405(g).").

The Court notes that "the exhaustion requirement may be waived if a [claimant] establishes (1) a colorable constitutional claim collateral to the substantive claim; (2) irreparable injury by enforcement of the exhaustion requirement; *and* (3) that the purpose of exhaustion would not be served by requiring further administrative procedures." **Rodabaugh v. Sullivan**, 943 F.2d 855, 857 (8th Cir. 1991) (emphasis added). There has been no constitutional claim alleged in the instant case. Rather, the evidence before the Court establishes that a request for a hearing was simply made too late.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Carolyn W. Colvin, the Acting Commissioner of Social Security, to dismiss the complaint is **GRANTED**. [Doc. 16]

An appropriate Order shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  3rd  day of June, 2014.